UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA A. LOUCKS,<br><br>         Plaintiff,<br><br>v.<br><br>BARRET DAFFIN FRAPPIER TREDDER & WEISS LLP; JP MORGAN CHASE BANK N.A.; QUALITY LOAN SERVICE CORP.,<br><br>         Defendants. | Case No.: 18cv1742-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

  On July 30, 2018, Plaintiff Elena A. Loucks initiated this action by filing a Complaint against Defendants Barret Daffin Frappier Tredder & Weiss LLP ("Barret"); JP Morgan Chase Bank N.A. ("JP Morgan"); and, Quality Loan Service Corp ("Quality Loan"). (ECF No. 1). Plaintiff additionally filed an application to proceed in forma pauperis and a request for appointment of counsel. (ECF Nos. 2, 3).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

  All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's

failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The affidavit filed by Plaintiff states that she is unable to pay the costs of these proceedings. Plaintiff states that she has no income other than $180.00 in public assistance through the food stamps program. Plaintiff further states that she is disabled and homeless following an illegal foreclosure on her home. After considering Plaintiff's motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING OF THE COMPLAINT

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

///

///

### A. Allegations of the Complaint

The allegations of Complaint generally arise from an alleged wrongful foreclosure on Plaintiff's home and related state court proceedings. Plaintiff refinanced a home in San Diego in September 2005. The lender was "Washington Mutual Bank, F.A." and the Trustee was "California Reconvevance Company." (ECF No. 1 at 2). The Promissory Note was sold to Fannie Mae Remic Trust 2005-099 and the Deed of Trust remained with Washington Mutual Bank F.A. "[I]n other word[s] the Note and Deed of trust was irrevocabl[y] separated in different entity. And the closing date was Sept. 16, 2005." *Id.*

> On Sept. 2008, WaMu Filed bankruptcy, it is undisputed that the FDIC sold the remaining Asset to JP Morgan Chase Bank N.A.[] If JPMorgan Chase Bank Claiming only the Deed of trust from FDIC because the Promissory note has been Sold on Sept 14, 2005 and the Closing date was Sept. 16, 2005 it is a piece of paper no value on it. It is void.

*Id.* Plaintiff had "trouble paying [the] mortgage" in 2008 and JP Morgan "fabricated to us that they are the owner of our loan, Assign the Trustee to Quality Loan Service Corporation." *Id.* at 3. On June 24, 2009, Quality Loan "recorded a Notice of Default" but "had no right standing to record a notice of default and intent to foreclose because they did not own my Deed of Trust and JPMorgan Chase Bank N.A. had no right standing to assign my Deed of Trust." *Id.* JP Morgan "[r]eassign[ed] or reappoint[ed] to Barrett Daffin Frappier Treder & Weiss LLP my deed of Trust as Trust to collect a debt that I did not owe to them. [T]hey had no right to do so under CCP 2924." *Id.* Barret Daffin filed a "Notice of Default and Election to Sell under the Deed of Trust" on June 16, 2014. *Id.* at 4. Plaintiff alleges that Barret Daffin's identification of itself as Original Trustee constitutes fraud because the "original Deed of Trust was California Reconveyance Corp." *Id.* at 3–4.

Plaintiff filed a complaint in state court for wrongful foreclosure, quiet title, slander of title, cancellation of instrument, misrepresentation, fraud, and violations of the FDCPA on July 7, 2014. *Id.* at 4. Plaintiff alleges that the state court dismissed her entire case under California Code of Civil Procedure 583.420(a)(1) on August 19, 2016. *Id.* at 13. Plaintiff alleges that the state court should not have dismissed the complaint for failure to

3

18cv1742-WQH-BGS

complete service of the summons and complaint within two years. Plaintiff's remaining allegations concern the events of her state court case and subsequent appeal. *Id.* at 4–23.

Plaintiff does not clearly or consistently identify the causes of action she seeks to bring in this action. The Court construes the Complaint as attempting to bring causes of action for wrongful foreclosure; fraud; civil conspiracy, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

**B. Federal Claims**

Plaintiff appears to assert two federal claims in this lawsuit: an FDCPA claim and a civil RICO claim. The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. A defendant must be a "debt collector" to be liable pursuant to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *see also Park v. Wachovia Mortg.*, *FSB*, No. 10CV1547 WQH RBB, 2011 WL 4571874, at *5 (S.D. Cal. Sept. 30, 2011) ("The Fair Debt Collection Practices Act does not apply to foreclosure activities.").

"The Racketeer Influenced and Corrupt Organizations ('RICO') Act . . . provides for both criminal and civil liability." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (citing Pub. L. No. 91-452, § 901, 84 Stat. 922 (1970) (codified at 18 U.S.C. §§ 1961-1968)). "Under RICO's civil enforcement mechanism, 'any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .'" *Canyon Cty v. Sygenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing 18 U.S.C. § 1964(c)). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters*, 770 F.3d at 837 (citing *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)).

The allegations of the Complaint in relation to these two claims are vague and conclusory. The Complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" with respect to the RICO cause of action and the FDCPA cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiff fails to allege a cognizable legal theory with respect to the federal claims.

**C. State Law Claims**

The remaining causes of action alleged by Plaintiff do not arise under federal law. Plaintiff does not allege any facts by which this Court could conclude that diversity jurisdiction is proper.[1] Accordingly, Plaintiff's basis for subject matter jurisdiction in this action must arise from federal question jurisdiction over the federal causes of action[2] and supplemental jurisdiction over the state law claims. The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Having dismissed the only federal claims asserted by Plaintiff against Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §

---

[1] District courts have original jurisdiction over cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332.

[2] A district court has original jurisdiction over a claim involving the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008)

In addition, Plaintiff makes various allegations regarding the state court's errors in dismissing her state case, which allegedly involved the same causes of action against the same Defendants. As currently pleaded, it appears that Plaintiff may consider the instant action to be an appeal from the decision of a state court.[3] This Court lacks jurisdiction to hear such a case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (determining that the *Rooker–Feldman* doctrine precludes federal court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 938 (9th Cir. 1998) ("the district court [cannot] . . . arrogate the power to preside over what amounts to an appeal from the decisions of the state courts.").

The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## III. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff additionally requests the appointment of counsel and asserts that she has made diligent efforts to obtain legal counsel but has been unsuccessful due to her poverty. (ECF No. 3).

There is generally no constitutional right to counsel in civil cases. *See, e.g.*, *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See*

---

[3] In the caption of the Complaint, Plaintiff states that she is an appellant. (ECF No. 1 at 1).

*Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff fails to state a cognizable federal claim for relief and the Court has dismissed the Complaint. The Court concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits at this stage in the proceedings. The Court denies the request for appointment of counsel without prejudice. (ECF No. 3).

## IV. CONCLUSION

IT IS HEREBY ORDERED that the application to proceed in forma pauperis is granted. (ECF No. 2).

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice. (ECF No. 1).

IT IS FURTHER ORDERED that the request for appointment of counsel is denied.

Dated: August 10, 2018

Hon. William Q. Hayes
United States District Court